Richard J. Mooney (CA State Bar No. 176486)
Kyle L. Schriner (CA State Bar No. 215853)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
richard.mooney@hro.com
kyle.schriner@hro.com

Attorneys for Plaintiff Vincent Kamyar Vaghar

UNITED STATES DISTRICT COURT OF CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| VINCENT KAMYAR VAGHAR,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company,<br><br>          Defendants. | CASE NO. C 07 4083 EDL<br><br>FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Vincent Kamyar Vaghar ("Vaghar") alleges for his complaint against David J. Killian ("Killian"); Anthony M. Marotta ("Marotta"); and Rosa Court, LLC, a New Jersey limited liability company ("Rosa Court") (collectively, "Defendants") as follows:

**The Parties**

1. Plaintiff Vaghar is a domiciliary of California.

2. On information and belief, Defendant Killian is believed to be a domiciliary of Pennsylvania.

3. On information and belief, Defendant Marotta is believed to be a domiciliary of New Jersey.

4. On information and belief, Defendant Rosa Court is and at all times has been a New Jersey limited liability company, with its principal place of business in Philadelphia, Pennsylvania.

**Jurisdiction, Venue, and Intradistrict Assignment**

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over each Defendant, because each Defendant has purposefully availed himself or itself of the benefits and protections of this jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. This action is properly assigned to the San Francisco Division of this Court because a substantial part of the events which give rise to the claim occurred in San Mateo County, California.

**Factual Allegations**

9. On or about May 31, 2005, Vaghar agreed to loan $325,000 to Killian and Marotta against their condominium project named Project Rosa Court Townhomes, located at the intersections of Federal and Juniper Streets and Federal and Clarion Streets in Philadelphia, Pennsylvania (the "Condo Project"). The parties executed a promissory note and personal guaranty. The promissory note required that the "the unpaid principal and accrued interest shall be payable in full on May 31, 2006 (the "Due Date")."

10. In or about May 2005, Vaghar caused $325,000 to be transferred to Defendants via wire transfers.

11. Defendants failed to pay the principal and accrued interest to Vaghar by May 31, 2006 as required by the promissory note.

12. On October 15, 2006, Vaghar entered into the Agreement for Settlement of Debt ("Settlement Agreement") with Killian and Marotta, pursuant to which Vaghar agreed to discharge Killian and Marotta's debt in exchange for the conveyance of condominium unit number 11 (the "Unit") at the Condo Project "free and clear of any liens and indebtedness." A copy of the Settlement Agreement is attached as <u>Exhibit A</u>.

13. Paragraph 1.4(ii) of the Settlement Agreement states:

> <u>Right to Specific Performance</u>. If Debtors default in their obligation to cause the LLC to convey the Unit (or a Substitute Unit) to [Vaghar] as provided in this Agreement by [January 31, 2007], then [Vaghar] will have the right to seek specific performance of Debtors' obligations to so to [sic] convey and record a lis pendens against the Unit (or the Substitute Unit). In this regard, the specific performance action will also be against the LLC.

14. Defendants failed to convey the Unit to Vaghar by January 31, 2007, in breach of the Settlement Agreement. In addition, Defendants failed to convey the Unit to Vaghar "free and clear of any liens and indebtedness," in further breach of the Settlement Agreement.

15. These breaches negatively impacted Vaghar's business causing him to lose investment opportunities.

16. Defendants' breaches of the Settlement Agreement caused Vaghar to suffer damages in the form of compensatory damages and lost profits, amounting to at least $75,001 and as much as several hundreds of thousands of dollars.

### First Cause of Action – Breach of Contract

17. Vaghar re-alleges and incorporates herein all preceding paragraphs.

18. Vaghar, Killian and Marotta entered into the Settlement Agreement as described above.

19. Vaghar has duly performed all the conditions of the Settlement Agreement on his part.

20. Defendants breached the Settlement Agreement, as described above, by (*inter alia*) failing to convey the Unit to Vaghar by January 31, 2007 and failing to convey the Unit to Vaghar "free and clear of any liens and indebtedness."

21. As a direct and proximate cause of Defendants' breaches, Vaghar has sustained significant damages, including both compensatory damages and lost profits, amounting to at least $75,001 and as much as several hundreds of thousands of dollars.

**Prayer**

Wherefore, Plaintiff Vaghar prays judgment against Defendants as follows:

1. that Defendants should be adjudged to have committed the breaches detailed above;

2. that Defendants be ordered to specifically perform the Settlement Agreement by conveying the Unit to Vaghar "free and clear of any liens and indebtedness" within 10 days of entry of judgment;

3. that Defendants be ordered to pay damages adequate to compensate Vaghar for those breaches;

4. that Defendants be ordered to pay Vaghar for his lost profits caused by Defendants' breaches of the Settlement Agreement;

5. that Defendants be ordered to pay pre-judgment and post-judgment interest;

6. that Defendants be ordered to pay Vaghar's attorneys' fees and costs in this matter; and

7. that Vaghar be awarded such other and further relief as the Court deems just and proper.

Dated: August 14, 2007                    HOLME ROBERTS & OWEN LLP

By:    /s Kyle L. Schriner
KYLE L. SCHRINER
Attorneys for Plaintiff
Vincent Kamyar Vaghar

**Demand For Jury Trial**

Plaintiff Vincent Kamyar Vaghar hereby demands a jury trial.

Dated: August 14, 2007         HOLME ROBERTS & OWEN LLP

By:     /s Kyle L. Schriner
KYLE L. SCHRINER
Attorneys for Plaintiff
Vincent Kamyar Vaghar