# Exhibit A

## AGREEMENT FOR SETTLEMENT OF DEBT

This Agreement for Settlement of Debt ("Agreement") is entered into effective October 15, 2006 by and between Kamyar Vaghar ("Kamyar") and David Killian and Anthony Marotta (collectively "Debtors") and made with reference to the following facts:

A.    Kamyar loaned Debtors the sum of $325,000 as evidenced by a promissory note dated May 31, 2005 (the "Debt").

B.    Debtors are the managing members of Rosa Court, LLC, a New Jersey limited liability company (the "LLC").

C.    Debtors contributed the funds constituting the debt to the LLC for use in the construction of a 17 unit condominium project commonly known as the Rosa Court Townhomes and located at the intersections of Federal and Juniper Streets and Federal and Clarion Streets in Philadelphia, Pennsylvania (the "Condo Project").

D.    Debtors desire to discharge the Debt by causing the LLC to convey to Kamyar one of the completed condominium units at the Condo Project free and clear of any liens and indebtedness.

NOW, THEREFORE, the parties agree as follows:

1.    <u>Discharge of Debt</u>. The Debt is to be fully discharged and paid by Debtors to Kamyar as follows:

1.1    <u>Selection of Condo Unit</u>. Kamyar selects condominium unit number 11 (the "Unit") at the Condo Project, which is legally described in attached Exhibit "A".

1.2    <u>Conveyance of the Unit</u>. Upon completion of construction of the Unit, the LLC will convey good and marketable fee title in the Unit to Kamyar free and clear of all monetary liens and encumbrances other than non-delinquent real property taxes and assessments. The LLC will cause to be recorded with the county recorder's office in the county in which the Unit is located a duly executed and acknowledged warranty deed conveying title in the unit to Kamyar. The LLC will pay for all recording costs as well as all applicable documentary transfer taxes and fees. The LLC will also deliver to Kamyar an ALTA owner's title insurance policy (the "Title Policy") for an amount mutually agreed upon by Debtors and Kamyar and insuring Kamyar with good and marketable fee simple title free and clear of all monetary liens and encumbrances (other than non-delinquent real property taxes and assessments) and subject to such other matters as reasonably approved by Kamyar, at Kamyar's cost.

1.3    <u>Completion of the Unit</u>. Debtors and the LLC represent to Kamyar that construction of the Unit should be completed within 90 days from the date of this Agreement.

M:\Vaghar\AgmtSettlementOfDebt.wpd

Although the Unit should be completed during this time frame, the LLC may not be able to convey the Unit to Kamyar at this time free and clear of all monetary liens because the Condo Project is subject to a lien securing payment of a construction loan in the principal amount of $4,500,000 (the "Construction Debt") in favor of Prudential Savings Bank ("Construction Lender"). The LLC must complete the sale of 13 condominium units in order to fully discharge the Construction Debt. Upon payment in full of the Construction Debt and the release and reconveyance by the Construction Lender of its lien against the Condo Project, the LLC will be able to convey the Unit to Kamyar in accordance with paragraph 1.2, above (entitled "Conveyance of the Unit"). However, Debtors will use their reasonable best efforts to cause the LLC to convey to Kamyar the Unit (or Substitute Unit) as provided in this Agreement prior to the full discharge of the Construction Debt (i.e. the Construction Lender would release and reconvey its lien against the Unit or Substitute Unit before the entire Construction Debt was paid).

      1.4    <u>Failure to Convey the Unit</u>.

      (i)    <u>Failure to Complete Construction</u>. Debtors anticipate to be able to cause the LLC to duly convey the Unit to Kamyar on or before January 31, 2007 (the "Conveyance Date."). If the LLC is unable to so convey the Unit to Kamyar because the Unit is not completed, then Kamyar has the right, by written notice to Debtors and the LLC, to select a substitute condominium unit (the "Substitute Unit") in the Condo Project for the Unit.

      (ii)    <u>Right to Specific Performance</u>. If Debtors default in their obligation to cause the LLC to convey the Unit (or a Substitute Unit) to Kamyar as provided in this Agreement by the Conveyance Date, then Kamyar will have the right to seek specific performance of Debtors' obligations to so convey and record a lis pendens against the Unit (or the Substitute Unit). In this regard, the specific performance action will also be against the LLC.

      (iii)    <u>Lender Foreclosure</u>. If Debtors and the LLC are unable to perform their obligations under this Agreement by reason of a default under the Construction Debt and a sale of the Condo Project pursuant to a foreclosure by the Construction Lender, then the Debt will be due and payable by Debtors to Kamyar except that the interest rate from the date of the Debt is automatically reduced to 10% per annum. In this regard, Debtors agree that the venue for any legal action brought by Kamyar to collect the Debt from Debtors is Los Angeles, California.

      1.5    <u>Definitions</u>. The term "completion of construction" as to the Unit (or a Substitute Unit), means total and complete construction in accordance with the governmental permitted plans and specifications with installation of all improvements, equipment and amenities as provided for all the condominium units at the Condo Project, inclusive of the completion of all "punch list" type items requested by Kamyar within 45 days after obtaining possession. In addition, the Unit is to include the additional items described in attached Exhibit "B".

2.    Performance by the LLC. Debtors will cause the LLC to execute below its agreement to perform in accordance with the provisions of paragraph 1, above (entitled "Discharge of Debt"), including the right of Kamyar to seek specific performance of the LLC's obligation to convey to Kamyar the Unit (or a Substitute Unit). The Title Policy will be provided by the title insurance company the LLC is using for all sales involving the Condo Project.

3.    General Provisions.

3.1    Notice. Every notice, demand, request, consent, approval or other communication ("Notices") which any party is required or desires to make or communicate upon or to the other, must be in writing and is to be given or made or communicated by personally delivering the Notice or by mailing the Notice by registered or certified mail, first class postage and fees prepaid, return receipt requested, to the address described on the signature page of this Agreement, or transmitting the Notice by telefax to the number described on the signature page of this Agreement, or at such other address, addresses or telefax as any party may designate from time to time by Notice given as provided in this Agreement. All Notices so sent are be deemed to have been delivered, effective, made or communicated, as the case may be, at the time that the Notice and the required copies, if any, have been personally delivered or deposited, registered or certified, properly addressed as set forth in this Agreement, first class postage and fees prepaid, return receipt requested, in the United States mail, or the date such Notice was telefaxed if received by 4:00 p.m. on the date sent and if received after such time, the Notice is deemed given on the next following business day.

_____    3.2    Attorneys' Fees. If any party (inclusive of the LLC) retains counsel for the purpose of instituting a legal action to enforce or prevent the breach of any provision of this Agreement (and legal action includes arbitration in the event the parties utilize arbitration), the non-prevailing party must pay to the prevailing party all costs and expenses incurred by the prevailing party, including reasonable expert witness fees, attorneys' fees and costs.

_____    3.3    Additional Documents. In addition to the documents and instruments to be delivered as provided in this Agreement, each of the parties (inclusive of the LLC), from time to time at the request of the other Party, will execute and deliver to the other party such other documents and take such other action as may be reasonably necessary or proper to more effectively carry out the terms of this Agreement.

_____    3.4    Validity - Waiver. No breach of any provision of this Agreement may be waived unless in writing. Waiver of any one breach of any provision of this Agreement is not deemed to be a waiver of any other breach of the same or any other provision of this Agreement. This Agreement may be amended only by a written agreement executed by the parties in interest at the time of the modification.

_____    3.5    Interpretation. No provision of this Agreement is to be interpreted for or against either party (inclusive of the LLC), because that party or that party's legal representative

drafted such provision. The term "include" or "including" is not limiting and includes the concept of "including but not limited to". Debtors and Kamyar are sometimes individually referred to as a "party" and collectively as the "parties".

      3.6   <u>Governing Law</u>. This Agreement has been negotiated and entered into in the State of California, and is governed by, construed and enforced in accordance with the internal laws of the State of California, applied to contracts made in California by California domiciliaries to be wholly performed in California, except to the extent the laws of Pennsylvania are required with respect to the conveyance of the Unit (or the Substitute Unit) to Kamyar.

      3.7   <u>Execution in Counterparts</u>. This Agreement may be executed in two or more counterparts.

      3.8   <u>Integration</u>. This Agreement describes the entire agreement between the parties with regard to the subject matter of this Agreement. All agreements, covenants, representations and warranties, express and implied, oral and written, of the parties with regard to the subject matter of this Agreement are contained in this Agreement, in the attached Exhibits, and the documents referred to in this Agreement or implementing the provisions of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties with respect to the subject matter of this Agreement are waived, merged in this Agreement and superseded by this Agreement. This is an integrated agreement.

      3.9   <u>Successors and Assigns</u>. This Agreement is binding upon and inure to the benefit of the parties (inclusive of the LLC) and their respective heirs, representatives, successors and permissible assigns.

      3.10   <u>Third Party Beneficiaries</u>. Nothing in this Agreement is for the benefit of anyone other than a party and the LLC.

    IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the date at the top of Page 1.

<u>Addresses</u>
P.O. Box 716
Menlo Park, California 94026

Kamyar:

Kamyar Vaghar

[signatures continue on following page]

M:\Vaghar\AgmtSettlementOfDebt.wpd           -4-

[signatures continued from preceding page]

Debtors:

c/o Anmor Management and Killian Properties
901 Route 168, Suite 110
Turnersville, New Jersey 08012

_____
David Killian

_____
Anthony Marotta

Consent and Agreement of LLC:

The undersigned, Rosa Court, LLC, a New Jersey limited liability company (the "LLC") and referred to as the LLC in the above Agreement, agrees to timely perform all obligations of the LLC as described in the Agreement, inclusive of paragraph 1, above (entitled "Discharge of Debt") paragraph 2, above (entitled "Performance by the LLC"), the remedy of specific performance as provided in paragraph 1.4(ii), above (entitled "Right to Specific Performance), and all obligations which Debtors have agreed to cause the LLC to perform on behalf of Debtors in favor or Kamyar. The LLC has executed this Consent and Agreement effective on the same effective date as the Agreement.

Rosa Court, LLC

By: _____
David Killian, Managing Member

By: _____
Anthony Marotta, Managing Member

**EXHIBIT " B"**

ADDITIONAL ITEMS FOR UNIT 11

Saddlewood Cabinets in Kitchen with Intense Coffee countertop
Hardwood Floor #8344 Saddlewood
Carpet #848 Ginger
Finished basement (sheetrock, electrical, carpet) and storage area
~~Hardwood on staircase~~ N/A
All selections for second bathroom commensurate with other units