DENNIS D. MILLER (SBN 138669)
EUGENE CHANG (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA,
and ROSA COURT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VINCENT KAMYAR VAGHAR,

Plaintiff,

v.

DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company,

Defendants.

Case No. C 07 4083 MMC

**DEFENDANTS DAVID J. KILLIAN'S, ANTHONY M. MAROTTA'S, AND ROSA COURT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Date: November 16, 2007
Time: 9:00 a.m.
Courtroom: 7
Judge: Honorable Maxine M. Chesney

# TABLE OF CONTENTS

**Page**

I. BACKGROUND .................................................... 1
II. ARGUMENT .................................................... 4
A. There Is No Personal Jurisdiction Over The Defendants .................................................... 4
1. There Is No General Jurisdiction Over The Defendants .................................................... 5
2. There Is No Specific Jurisdiction Over The Defendants .................................................... 5
B. Venue Does Not Properly Lie In This Court .................................................... 9
C. Alternatively, This Action Should Be Transferred To The Eastern District Of Pennsylvania .................................................... 10
III. CONCLUSION .................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Accord Amini Innovation Corp. v. JS Imports, Inc.*,
497 F.Supp.2d 1093 (C.D. Cal. 2007) .......... 6

*Airola v. King*,
505 F. Supp. 30 (D.C. Ariz 1980) .......... 9

*Anglo American Ins. Gp., P.L.C. v. Calfed, Inc.*, XCF,
916 F. Supp. 1324 (S.D.N.Y. 1996) .......... 6, 7

*Birzer v. Jockey's Guild, Inc.*,
444 F. Supp.2d 1005 (C.D. Cal. 2006) .......... 4, 5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .......... 6

*Cubbage v. Merchant*,
744 F.2d 665 (9th Cir. 1984) .......... 4

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*,
557 F.2d 1280 (9th Cir. 1977) .......... 4

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) .......... 10

*Doe v. American Nat. Red Cross*,
112 F.3d 1048 (9th Cir. 1997) .......... 4, 5

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) .......... 4

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
466 U.S. 408 (1984) .......... 4

*Hope v. Otis Elevator Co.*,
389 F. Supp.2d 1235 (E.D. Cal. 2005) .......... 9

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (2000) .......... 10

*Pi, Inc. v. Quality Product, Inc.*,
907 F. Supp. 752 (S.D.N.Y. 1995) .......... 9

*Rano v. Sipa Press, Inc.*,
987 F.2d 580 (9th Cir. 1993) .......... 5

*U.S. Vestor, LLC v. Biodata Info. Tech. AG*,
290 F. Supp.2d 1057 (N.D. Cal. 2003) .......... 8

# TABLE OF AUTHORITIES
**(continued)**

**Page**

*Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995) ..... 5

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ..... 8

**Statutes**

28 United States Code section 1391(a) ..... 9

28 United States Code section 1391(b) ..... 9

28 United States Code section 1404(a) ..... 1, 10, 11

28 United States Code Section 1406(a) ..... 1, 10, 11

Federal Rule of Civil Procedure section 12(b)(2) ..... 1

Federal Rule of Civil Procedure section 12(b)(3) ..... 1, 10

Defendants David J. Killian ("Killian"), Anthony M. Marotta ("Marotta"), and Rosa Court, LLC ("Rosa Court") (collectively, the "Defendants") hereby move to dismiss the Second Amended Complaint filed by plaintiff Vincent Kamyar Vaghar ("Vaghar") pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction and FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue. Alternatively, Defendants move to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Vaghar's action properly lies, if at all, only in the United States District Court for the Eastern District of Pennsylvania located in Philadelphia, Pennsylvania.

## I. BACKGROUND

This action arises out of a $325,000.00 loan made by Vaghar to Killian and Marotta. Killian and Marotta, as managing members of Rosa Court, used the $325,000.00 in connection with the construction of a condominium project located in Philadelphia, Pennsylvania (the "Condo Project"). The $325,000.00 loan was originally memorialized by a written promissory note in favor of Vaghar and other documents (collectively, the "Note"). Vaghar, Marotta and Killian subsequently entered into an Agreement for Settlement of Debt (the "Agreement"). Pursuant to the Agreement, Vaghar agreed to accept, in full satisfaction of the Note, one (1) condominium unit from the Condo Project, title to which was to be conveyed by the Defendants to Vaghar.

In this action, Vaghar alleges that the Defendants failed to convey the condominium unit as promised. Vaghar seeks specific performance in the nature of an Order from this Court directing Defendants to convey title to the condominium unit to him. While Vaghar also seeks monetary damages, the gravamen of his Second Amended Complaint involves specific performance of a contract to convey real property located in Philadelphia, Pennsylvania.

Notably, in his Second Amended Complaint, Vaghar alleges: (i) Killian is domiciled in Pennsylvania; (ii) Marotta is domiciled in New Jersey; and (iii) Rosa Court is a limited liability company formed under the laws of New Jersey whose principal place of business is in Philadelphia, Pennsylvania. Defendants do not contest these allegations.

Killian and Marotta are real estate developers in Philadelphia. Declaration of

Anthony M. Marotta in Support of Motion to Dismiss Second Amended Complaint of Plaintiff Vincent Kamyar Vaghar or, in the Alternative, to Transfer Venue ("Marotta Dec."), ¶ 5; Declaration of David J. Killian in Support of Motion to Dismiss Second Amended Complaint of Plaintiff Vincent Kamyar Vaghar or, in the Alternative, to Transfer Venue ("Killian Dec."), ¶ 5. Killian lives in the Philadelphia area and works as a manager of Rosa Court in Philadelphia. Killian Dec., ¶¶ 4, 6, 8; Declaration of David J. Killian as Co-Managing Member of Rosa Court, LLC in Support of Motion to Dismiss Second Amended Complaint of Plaintiff Vincent Kamyar Vaghar or, in the Alternative, to Transfer Venue ("Rosa Dec."), ¶ 4. Marotta, although he lives in New Jersey, likewise works as a manager of Rosa Court in Philadelphia. Marotta Dec., ¶¶ 4, 6, 8. Rosa Court is a single purpose entity whose principal (and only) place of business is in Philadelphia. Rosa Dec., ¶ 5; Marotta Dec., ¶ 7, Killian Dec., ¶ 7. <u>All</u> of Rosa Court's business activities revolve around the Condo Project in Philadelphia. Rosa Dec., ¶ 6; Marotta Dec., ¶ 8, Killian Dec., ¶ 8.

Neither Killian nor Marotta have ever been residents of California. Killian Dec., ¶ 9; Marotta Dec., ¶ 9. They have never purchased or held an interest in real property in California. Killian Dec., ¶ 10; Marotta Dec., ¶ 10. They have never even attended classes as students in California. Killian Dec., ¶ 12; Marotta Dec., ¶ 12. They have never maintained any checking, depository or investment accounts in California. Killian Dec., ¶ 13; Marotta Dec., ¶ 13. Indeed, Killian's and Marotta's only physical connection with California was as tourists on pleasure trips completely unrelated to this litigation, Vaghar, Rosa Court or the Condo Project. Killian Dec., ¶ 15; Marotta Dec., ¶ 15. None of the Defendants have business offices or operations, of any type, in California. Killian Dec., ¶¶ 11, 14; Marotta Dec., ¶¶ 11, 14; Rosa Dec., ¶¶ 7-11. Again, their business offices and operations are solely concentrated in Philadelphia. Finally, Vaghar does <u>not</u> allege - because he cannot - that Defendants solicited him in California. Killian Dec., ¶ 14; Marotta Dec., ¶ 14; Rosa Dec., ¶ 11; *see generally* Second Amended Complaint.

Vaghar merely alleges that jurisdiction is proper over each Defendant because the Defendants, supposedly, have availed themselves of the benefits and protections of California. Nothing could be further from the truth. <u>It is Vaghar who has availed himself of the benefits and</u>

protections of Pennsylvania.

Vaghar has made numerous business trips to Philadelphia over the past several years to investigate, negotiate over and, ultimately, participate as a business partner in real estate projects with Killian and Marotta, all of which are located in Philadelphia. Killian Dec., ¶ 16; Marotta Dec., ¶ 16; Rosa Dec., ¶ 12. The Note referred to by Vaghar in his Second Amended Complaint was presented by Vaghar to Killian and Marotta in Philadelphia, and signed by them in Philadelphia. Killian Dec., ¶ 17; Marotta Dec., ¶ 17; Rosa Dec., ¶ 13. After the signing of the Note and other documents, Vaghar made at least six (6) additional business trips to Philadelphia for the purpose of monitoring the Condo Project, weighing in on important decisions regarding the progress of construction on the Condo Project and discussing with Killian and Marotta other business issues relating to the Condo Project. Killian Dec., ¶ 18; Marotta Dec., ¶ 18; Rosa Dec., ¶ 14.

In or around the late summer or early fall of 2006, Vaghar contacted Killian and Marotta regarding his desire to negotiate the Agreement forming the factual predicate of this action pursuant to which, in satisfaction of the Note, the Defendants would convey to him a condominium unit in the Condo Project. Killian Dec., ¶ 19; Marotta Dec., ¶ 19; Rosa Dec., ¶ 15. These negotiations were done via telephone calls while Vaghar was in California and Killian and Marotta were in Philadelphia. Killian Dec., ¶ 21; Marotta Dec., ¶ 21; Rosa Dec., ¶ 17. After the Agreement was negotiated, Vaghar traveled to Philadelphia and the Agreement was executed by all parties at the location of the Condo Project in Philadelphia. Killian Dec., ¶¶ 20, 22; Marotta Dec., ¶¶ 20, 22; Rosa Dec., ¶¶ 16, 18. The Defendants did not consult with counsel prior to signing the Agreement and, other than engaging in telephone negotiations with Vaghar, Defendants had no part in the physical drafting of the Agreement. Killian Dec., ¶ 23; Marotta Dec., ¶ 23; Rosa Dec., ¶ 19

After filing his original complaint in this Court, Vaghar once again traveled to Philadelphia to conduct what he termed a "site inspection" of the Condo Project, and for a meeting with Killian and Marotta regarding the Condo Project. Killian Dec., ¶ 25; Marotta Dec., ¶ 25; Rosa Dec., ¶ 21. During the course of this meeting in Philadelphia, Vaghar directed a third

party who was with him to hand serve a copy of his complaint (dated August 8, 2007) upon Killian and Marotta. *Id*.

The Defendants could not reasonably have expected to be haled into court in California over events, transactions and occurrences that all occurred in Philadelphia, especially where the aim of their business partner, Vaghar, was to have them convey to him a condominium unit from their real estate development project in Philadelphia. This action can properly be maintained, if at all, in the Eastern District of Pennsylvania, but <u>not</u> in this Court.

## II. ARGUMENT

This action should be dismissed for lack of personal jurisdiction over the Defendants and for improper venue. Alternatively, this action should be transferred from this Court to the Eastern District of Pennsylvania.

### A. There Is No Personal Jurisdiction Over The Defendants

The Second Amended Complaint fails to set forth any facts showing that this Court can exercise personal jurisdiction over the Defendants. It is the plaintiff's burden to establish the Court's personal jurisdiction over a defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *citing Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984). In determining whether there is personal jurisdiction, the Court may consider evidence presented in affidavits and may even order discovery on the jurisdiction issues. *Unocal Corp.*, 248 F.3d at 922, *citing Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

There are two bases for exercising personal jurisdiction over a non-resident defendant: (i) general jurisdiction, which only arises when the defendant's activities in the forum are sufficiently substantial, continuous and systematic to justify the exercise of jurisdiction over it in all matters, including those unrelated to the defendant's contacts with the forum; and (ii) specific jurisdiction, which only arises when a defendant's specific contacts with the forum give rise to the claim in question. *Unocal Corp.*, 248 F.3d at 923; *Doe v. American Nat. Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997); *Birzer v. Jockey's Guild, Inc.*, 444 F. Supp.2d 1005, 1008 (C.D. Cal. 2006), *citing Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).

**1. There Is No General Jurisdiction Over The Defendants**

The standard for establishing general jurisdiction is "very high." *Birzer*, 444 F. Supp.2d at 1009. To determine whether the type of systematic and continuous contact necessary to support general jurisdiction exists, the Court looks to factors such as whether a defendant solicits or engages in business in California, serves California's markets, designates an agent for service of process or otherwise in California, holds a license to do business in California or is incorporated in California. *Id.* Vaghar has not even attempted to plead the requisite substantial, continuous and systematic activities on the part of the Defendants in California that could be sufficient to confer general jurisdiction. Moreover, Defendants' affidavits would completely contradict any such assertions by Vaghar. Quite simply, there is no general jurisdiction over the Defendants in California.

**2. There Is No Specific Jurisdiction Over The Defendants**

Realizing there can be no general jurisdiction, Vaghar instead attempts to allege that specific jurisdiction exists. To establish specific jurisdiction, Vaghar must demonstrate that: (i) the Defendants performed an act or consummated a transaction in California, thus purposefully availing themselves of the privilege of conducting activities within California and invoking the benefits and protections of the laws of California; (ii) Vaghar's claim arises out of or results from the Defendants' California-related activities; and (iii) the exercise of personal jurisdiction in California is reasonable. *American Nat. Red Cross*, 112 F.3d at 1051; *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

A plaintiff's mere conclusory allegations regarding the requisite elements of personal jurisdiction are <u>insufficient</u> to establish that jurisdiction is proper; a supporting factual basis for such allegations is <u>required</u>. *See, e.g., Wenz v. Memery Crystal*, 55 F.3d 1503, 1509 (10th Cir. 1995) (the 10th Circuit affirming the district court's dismissal for lack of personal jurisdiction in Colorado because plaintiff's conclusory allegation that the out-of-state defendants "have transacted business in the State of Colorado" was not supported with facts or evidence). Vaghar's allegations of jurisdiction are no different than those found wanting in *Wenz.*

Further, this is a breach of contract action seeking specific performance in the

nature of a conveyance of Pennsylvania real estate from the Defendants to Vaghar. The fact that a defendant enters into a contract with a forum resident is not sufficient, standing alone, to establish purposeful availment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Rather, in determining the issue, the Court must evaluate the prior negotiations and contemplated future consequences, along with the terms of the contract, and the parties' actual course of dealing, to determine whether the defendant purposefully established minimum contacts within the forum. *Id*. at 479. *Accord Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1103 (C.D. Cal. 2007) (the fact that the defendant entered into a contract with a forum resident is not a sufficient basis, by itself, to determine whether personal jurisdiction lies; rather, "the court must utilize a highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction…it is these factors - prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing - that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum"). *See also Anglo American Ins. Gp., P.L.C. v. Calfed, Inc.*, XCF, 916 F. Supp. 1324, 1331-32 (S.D.N.Y. 1996) (under California law, "[i]n contract actions, a party may not rely solely upon a contract between the nonresident defendant and a party in the forum state to demonstrate sufficient minimum contacts for jurisdiction; the court must also evaluate prior negotiations, contemplated future consequences, the terms of the contract and the parties' actual course of dealing").

Here, the Condo Project is physically located in Philadelphia. The development plans and financing for the Condo Project were negotiated in Philadelphia. Killian and Marotta conducted all their business activities related to the Condo Project in Philadelphia. Vaghar himself traveled to Philadelphia, on numerous occasions, to conduct due diligence on the Condo Project, to negotiate his participation in the Condo Project, to execute the Note and later, to execute the Agreement. Indeed, when the parties' relationship soured, Vaghar traveled to Philadelphia and was physically present when his complaint was served on Killian and Marotta at the site of the Condo Project. Even more to the point, the condominium unit at issue is located in

Philadelphia, and the Agreement that Vaghar alleges has been breached expressly provides that Pennsylvania law will govern the transfer of the condominium unit from the Defendants to Vaghar.

All relevant and material continuing obligations provided for in the Agreement were to be performed in Pennsylvania (specifically, in Philadephia), including but not limited to: (i) the actual closing on and transfer of the condominium unit from the Defendants to Vaghar; (ii) recording the applicable deed in Philadelphia; (iii) obtaining use and occupancy permits, inspections and other governmental approvals necessary for the closing and transfer to take place; (iv) obtaining a title insurance policy; and (v) the Defendants' obligations to use their best efforts to transfer the condominium unit. Second Amended Complaint, Exh. A at ¶¶ 1.2, 1.3.

The Agreement was also dependent upon the completion and sale of the units in order to fully discharge the construction loan so that the Defendants' could convey a condominium unit to Vaghar free and clear of any monetary liens. *Id*., Exh. A at ¶ 1.3. This condition precedent to the transfer will likewise take place in Philadelphia.

It virtually goes without saying that the act constituting an alleged breach of the Agreement - *i.e.*, the failure to convey the condominium unit-can <u>only</u> take place in Philadelphia. Likewise, the effect of the alleged breach will be felt in Pennsylvania. Here, the overwhelming weight of the facts militates that personal jurisdiction can lie, if at all, only in the Eastern District of Pennsylvania and not in this Court.

Also, it should be noted that under California law, the test for finding purposeful availment in a contract case is much stricter than that for finding purposeful availment in a tort case; consequently, the plaintiff has a much higher burden of proof in a contract case. *Anglo American*, 916 F. Supp. at 1332. For example, in a tort case, it is sufficient if a defendant merely engages in a wrongful act having a harmful effect in the forum state. *Id.* This is clearly insufficient to confer personal jurisdiction over a defendant in a contract case. *Id.* Yet, upon close analysis, Vaghar's allegation "supporting" personal jurisdiction in this Court is nothing more than his conclusory statement that Defendants breached the Agreement and that he was harmed thereby. Under these circumstances, as a matter of law, there can be no personal

jurisdiction over the Defendants in this Court.

Finally, even if the other requirements for personal jurisdiction are met - and they are not met here - the Court can still find that personal jurisdiction does not lie if, under the totality of the circumstances, the defendant could not reasonably have expected to be sued in California in relation to the transactions at issue. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (a defendant's contacts with the forum must be such that it should reasonably anticipate being haled into court there).

To determine whether the exercise of jurisdiction is reasonable, this Court considers: (i) the extent of the defendant's purposeful injection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective dispute resolution; and (vii) the existence of an alternative forum (here, the Eastern District of Pennsylvania). *U.S. Vestor, LLC v. Biodata Info. Tech. AG*, 290 F. Supp.2d 1057, 1066-67 (N.D. Cal. 2003)

Even a cursory review of these factors demonstrate that it is not reasonable for Defendants to have to defend this action in this Court, or even to have reasonably expected that such would be a possibility. Among other things, the relevant and material transactions and occurrences, and the very subject of the action, are located in Philadelphia. Further, Vaghar seeks specific performance of the Agreement, which calls for the conveyance of Pennsylvania real estate, a remedy certainly more easily realized when ordered by a court in whose physical boundaries and jurisdiction the subject property is located.

In short, Vaghar has no grounds to force the Defendants to litigate the instant action in California. Quite simply, it is Vaghar who has injected himself into Pennsylvania transactions and affairs and, consequently, he must litigate this action in Pennsylvania. This is a textbook example of forum shopping that should not be countenanced by this Court. This action should be dismissed for lack of personal jurisdiction.

**B. <u>Venue Does Not Properly Lie In This Court</u>**

Venue is proper in any judicial district where all the defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a) and (b). Venue is not proper in this Court because none of the Defendants reside in California (Vaghar himself states this in the Second Amended Complaint) and none of the events giving rise to Vaghar's alleged claims occurred in California.

In Paragraph 8 of his Second Amended Complaint, Vaghar alleges that venue is proper on the conclusory basis that "a substantial part of the events which give rise to the claim occurred in San Mateo County, California." Yet, Vaghar makes no factual allegation connecting any event relevant to this action with San Mateo County, California. This is not a case where there is a mere attenuated connection between the action and the venue; this is a case where there is no connection at all.

The plaintiff has the burden of showing that venue is proper. *Hope v. Otis Elevator Co.*, 389 F. Supp.2d 1235, 1243 (E.D. Cal. 2005); *Airola v. King*, 505 F. Supp. 30, 31 (D.C. Ariz 1980). "In determining whether venue is proper for a breach of contract action…courts consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Pi, Inc. v. Quality Product, Inc.*, 907 F. Supp. 752, 757-58 (S.D.N.Y. 1995). In *Pi, Inc.*, the plaintiff sued the defendant in New York for breach of contract. The court dismissed the plaintiff's breach of contract claim on the ground of improper venue, explaining that New York lacked the substantial nexus to plaintiff's breach of contract claim required for venue to lie there. *Id*. at 758. Specifically, only one aspect of the contract negotiations took place in New York; most of the significant negotiations occurred in Arkansas; the contract was finalized and executed outside of New York; no part of the contract was to be performed in New York; and any breach of the contract would have occurred outside of New York. *Id*.

*Pi, Inc.* presents a factual scenario closely analogous to that present in this action. As previously discussed, none of the events giving rise to Vaghar's alleged breach of contract claims occurred in California. To the extent there is a breach as alleged, it will occur - and the

effect of it will be felt - in Philadelphia, Pennsylvania. While there is a weighty factual nexus connecting this action to Philadelphia, the only demonstrable connection of this action to San Mateo County is that Vaghar apparently maintains a post office box in Menlo Park, California. Consequently, this action should be dismissed for improper venue pursuant to Federal Rule of Civ. Proc. 12(b)(3) and 28 U.S.C. § 1406(a).

### C. Alternatively, This Action Should Be Transferred To The Eastern District Of Pennsylvania

Should the Court not dismiss this action for lack of personal jurisdiction and improper venue, the Defendants respectfully request that the Court transfer the action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) "for the convenience of parties, witnesses and in the interest of justice."

Transfer factors under 28 U.S.C. § 1404(a) are the same as factors for dismissal under the common law doctrine of *forum non conveniens*. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (holding that "*forum non conveniens* considerations are helpful in deciding a 1404 transfer motion"). Under *forum non conveniens* principles, "a court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.* at 843. The Ninth Circuit has held that the factors the a court may weigh under § 1404(a) include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (2000) (citations omitted).

An analysis of these factors demonstrates that this action should be transferred to the Eastern District of Pennsylvania. The Condo Project is in Philadelphia, as is the condominium unit that Vaghar seeks to have conveyed. Killian resides and works in Philadelphia. Marotta works in Philadelphia. Rosa Court's only business offices are in

Philadelphia. Rosa Court's employees, who may be witnesses in this litigation, likewise reside in the Philadelphia area. Relevant documents are in Philadelphia. Importantly, since all relevant and material events took place in Philadelphia, all third party witnesses are located in the Philadelphia area. These third party witnesses, while within the subpoena power of the Eastern District of Pennsylvania, are not within the subpoena power of this Court. Pennsylvania law governs the conveyance of the condominium unit. Finally, Vaghar cannot claim that it is overly burdensome or prejudicial for him to have to litigate in Philadelphia. As previously discussed, Vaghar made numerous business trips to Philadelphia for the purposes of becoming involved with the Condo Project and monitoring the progress of the Condo Project after he became involved.

If this action is not dismissed for lack of personal jurisdiction and improper venue, it should be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

## III. CONCLUSION

This action should be dismissed for lack of personal jurisdiction over the Defendants and for improper venue. Alternatively, this action should be transferred from this Court to the Eastern District of Pennsylvania.

Dated: October 5, 2007

STEIN & LUBIN LLP

By: /s/ Eugene Chang

EUGENE CHANG
Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA, and ROSA COURT, LLC