```
DENNIS D. MILLER (SBN 138669)
EUGENE CHANG (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA  94111
Telephone:   (415) 981-0550
Facsimile:   (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA,
and ROSA COURT, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT KAMYAR VAGHAR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company,<br><br>　　　　Defendants. | Case No.  C 07 4083 MMC<br><br>**DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Date:     November 16, 2007<br>Time:     9:00 a.m.<br>Courtroom: 7<br>Honorable Maxine M. Chesney |

I, David J. Killian, declare:

1. I am an adult individual over eighteen years of age and a co-managing member of Rosa Court, LLC ("Rosa"). I make this declaration in support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Second Complaint") of Plaintiff Vincent Kamyar Vaghar ("Vaghar") or, in the Alternative, to Transfer Venue of this matter to the Eastern District of Pennsylvania. I have personal knowledge of the matters stated in this declaration and could and would competently testify thereto if called upon as a witness at trial or any other proceeding in this matter.

65040002/356950v1                                                                     Case No. C 07 4083 MMC

### A. Overview:

2. In paragraph 2 of the Second Complaint, Vaghar alleges that:

"This court has jurisdiction over each Defendant, because each Defendant has purposefully availed himself or itself of the benefits and protections of this jurisdiction."

3. Despite Vaghar's conclusory assertions to the contrary, Rosa never agreed to defend or otherwise litigate a claim with him involving the conveyance of real estate located in Pennsylvania in any court within the State of California. Rosa's understanding of this lawsuit is that Vaghar wants the Defendants to convey to him title to a condominium that Rosa owns and which is located in Philadelphia.

### B. All of Rosa's Contacts Have Been With the Commonwealth of Pennsylvania or the State of New Jersey:

4. Rosa is a Limited Liability Company that was formed for convenience under the laws of the State of New Jersey where Rosa's co-managing member, Anthony Moratta ("Moratta") resides, but which conducts all of its business in the Commonwealth of Pennsylvania and, in particular, in the County of Philadelphia.

5. Rosa is a single purpose entity whose only business activities relate to the ownership and development of the real estate project referred to in Exhibit "A" of the Second Complaint (at paragraph "C") -- at the *"intersections of Federal and Juniper Streets and Federal and Clarion Streets in Philadelphia"* -- where the underlying dispute involving the Defendants' alleged duty to convey a condominium to Vaghar is physically located (the "Project").

6. Aside from Rosa's activities at the Project, Rosa has no other business offices, assets or business operations anywhere other than in the Commonwealth of Pennsylvania (and, in particular, in the county of Philadelphia) and its administrative office located in New Jersey.

### C. Lack of Contacts With California:

7. Rosa is not registered, nor has it ever sought registration, as a foreign business with the State of California.

8. Rosa has never purchased or held an interest in real property located in the

65040002/356950v1

DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

PHIL1 754403-1

State of California.

9. Rosa has never employed residents of, nor has it ever conducted business in, the State of California.

10. Rosa has never maintained any checking, depository or investment accounts with any financial institution located within the State of California.

11. Rosa has never solicited any resident of the State of California (including Vaghar) to conduct business with it, or any entity with which it is affiliated.

### D. All of the Parties' Contacts With One Another Have Been With the Commonwealth of Pennsylvania:

12. Although not mentioned anywhere in the Second Complaint, Vaghar has traveled to Philadelphia, Pennsylvania on at least 12 separate occasions over the past 4½ years solely for the purpose of investigating, negotiating over, and ultimately participating (as a business partner) in one or more real estate projects that the individual Defendants are currently developing in Philadelphia, Pennsylvania.

13. For example, the loan documents (referred to in paragraphs 9-11 of the Second Complaint as the "promissory note" and the "personal guaranty") reflecting, in part, Vaghar's involvement in Rosa's development of the Project, were both presented by Vaghar to Moratta and me, and ultimately signed by us, in Philadelphia, Pennsylvania.

14. Thereafter, Vaghar visited Philadelphia, Pennsylvania on at least 6 separate occasions solely for the purpose of: (i) monitoring the Project; (ii) weighing in on decisions relating to Rosa's progress with respect to the completion of the Project; and (iii) discussing with Marotta and me various business issues relating to the Project.

15. Later, in or around the late summer and early fall of 2006, Vaghar began to contact me in Philadelphia (in my capacity as Rosa's co-managing member) about his desire to have Rosa execute and consent to the terms of the "Agreement for Settlement of Debt" (the "Agreement") that forms the factual predicate for the Second Complaint he filed in California.

16. Vaghar then traveled to Philadelphia, Pennsylvania again to physically present Marotta and me with the Agreement for us to sign (both individually and on behalf of

65040002/356950v1

3

DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

PHIL1 754403-1

Rosa).

17. Notwithstanding the language set forth in paragraph 3.6 of the Agreement to the contrary, that document was not "negotiated" by Rosa in California, but rather over cell phone calls initiated by Vaghar with me in Philadelphia as a representative of Rosa.

18. Likewise, the Agreement was not "entered into" by Rosa in California, but rather signed by all four parties in Philadelphia during a lunch break at the Project when Vaghar was walking the Project with Moratta and me.

19. Rosa never requested that a lawyer review the Agreement before Moratta and I physically signed the document on its behalf in Philadelphia, Pennsylvania.

20. Ultimately, Vaghar filed suit against Rosa, Moratta and me in this court. Despite doing so in California, he did not ask Moratta and me to come to California to discuss the lawsuit or to accept service of his original complaint.

21. Rather, Vaghar traveled to Philadelphia, Pennsylvania again (under the pretense of another site inspection at the Project) during which time he met with Moratta and me, and then immediately summoned a third party to approach us to place a copy of his original complaint (dated August 8, 2007) in our hands.

Executed this 5th day of October, 2007, in the Commonwealth of Pennsylvania, County of Philadelphia.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
David J. Killian
Co-Managing Member
of Rosa Court, LLC