DENNIS D. MILLER (SBN 138669)
EUGENE CHANG (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA,
and ROSA COURT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT KAMYAR VAGHAR,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company,<br><br>Defendants. | Case No. C 07 4083 MMC<br><br>**DECLARATION OF DAVID J. KILLIAN IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Date: November 16, 2007<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Honorable Maxine M. Chesney |

I, David J. Killian, declare:

1. I am an adult individual over eighteen years of age and a co-managing member of Rosa Court, LLC ("Rosa"). I make this declaration in support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Second Complaint") of Plaintiff Vincent Kamyar Vaghar ("Vaghar") or, in the Alternative, to Transfer Venue of this matter to the Eastern District of Pennsylvania. I have personal knowledge of the matters stated in this declaration and could and would competently testify thereto if called upon as a witness at trial or any other proceeding in this matter.

65040002/356949v1                                                                                          Case No. C 07 4083 MMC

PHIL1 754401-1

**A.   Overview:**

2.   In paragraph 2 of the Second Complaint, Vaghar alleges that:

"This court has jurisdiction over each Defendant, because each Defendant has purposefully availed himself or itself of the benefits and protections of this jurisdiction."

3.   Despite Vaghar's conclusory assertions to the contrary, I have never agreed to defend or otherwise litigate a claim with him involving the conveyance of real estate located in Pennsylvania in any court within the State of California. My understanding of this lawsuit is that Vaghar wants the Defendants to convey to him title to a condominium that is owned by Rosa and located in Philadelphia.

**B.   All of My Contacts Have Been With the Commonwealth of Pennsylvania:**

4.   I am a citizen and domiciliary of the Commonwealth of Pennsylvania.

5.   I am self-employed as a local real estate developer operating exclusively in the Commonwealth of Pennsylvania and, in particular, in the county of Philadelphia where I reside.

6.   As noted above, I am the co-managing member of Rosa, along with Rosa'a co-managing member, Anthony Moratta ("Marotta").

7.   Rosa is a single purpose entity whose only business activities relate to the ownership and development of the real estate project referred to in Exhibit "A" of the Second Complaint (at paragraph "C") -- at the "*intersections of Federal and Juniper Streets and Federal and Clarion Streets in Philadelphia*" -- where the underlying dispute involving the Defendants' alleged duty to convey a condominium to Vaghar is physically located (the "Project").

8.   All of Rosa's activities are limited to developing real estate located exclusively in the county of Philadelphia within the Commonwealth of Pennsylvania. Rosa has no other business offices, assets or business operations anywhere other than in the Commonwealth of Pennsylvania (and, in particular, in the county of Philadelphia) and its administrative office located in New Jersey.

65040002/356949v1                                              2                              Case No. C 07 4083 MMC
DECLARATION OF DAVID J. KILLIAN IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

PHIL1 754401-1

**C. Lack of Contacts With California:**

9. I have never resided in the State of California.

10. I have never purchased or held an interest in real property located in the State of California.

11. I have never been employed, nor have I ever conducted business, in the State of California.

12. I have never attended classes as a student in the State of California.

13. I have never maintained any checking, depository or investment accounts with any financial institution located within the State of California.

14. I have never solicited any resident of the State of California (including Vaghar) to conduct business with me, or any entity in which I am affiliated, including Rosa.

15. Conversely, my only physical connections with the State of California have been limited to those of a tourist during vacations.

**D. All of the Parties' Contacts With One Another Have Been With the Commonwealth of Pennsylvania:**

16. Although not mentioned anywhere in the Second Complaint, Vaghar has traveled to Philadelphia, Pennsylvania on at least 12 separate occasions over the past 4½ years solely for the purpose of investigating, negotiating over, and ultimately participating (as a business partner) in one or more real estate projects that the individual Defendants are currently developing in Philadelphia, Pennsylvania.

17. For example, the loan documents (referred to in paragraphs 9-11 of the Second Complaint as the "promissory note" and the "personal guaranty") reflecting, in part, Vaghar's involvement in Rosa's development of the Project, were both presented by Vaghar to Moratta and me, and ultimately signed by us, in Philadelphia, Pennsylvania.

18. Thereafter, Vaghar visited Philadelphia, Pennsylvania on at least 6 separate occasions solely for the purpose of: (i) monitoring the Project; (ii) weighing in on decisions relating to Rosa's progress with respect to the completion of the Project; and (iii) discussing with Marotta and me various business issues relating to the Project.

65040002/356949v1                                  3                              Case No. C 07 4083 MMC

DECLARATION OF DAVID J. KILLIAN IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

PHIL1 754401-1

19. Later, in or around the late summer and early fall of 2006, Vaghar began to contact me in Philadelphia about his desire to have Moratta and me execute the "Agreement for Settlement of Debt" (the "Agreement") that forms the factual predicate for the Second Complaint he filed in California.

20. Vaghar then traveled to Philadelphia, Pennsylvania again to physically present Marotta and me with the Agreement for us to sign.

21. Notwithstanding the language set forth in paragraph 3.6 of the Agreement to the contrary, that document was not "negotiated" by me in California, but rather over cell phone calls initiated by Vaghar with me while I was working in Philadelphia, Pennsylvania.

22. Likewise, the Agreement was not "entered into" by me in California, but rather signed by all four parties in Philadelphia during a lunch break at the Project when Vaghar was walking the Project with Moratta and me.

23. Neither Rosa nor I ever requested that a lawyer review the Agreement before we physically signed the document in Philadelphia, Pennsylvania.

24. Ultimately, Vaghar filed suit against Rosa, Moratta and me in this court. Despite doing so in California, he did not ask Moratta and me to come to California to discuss the lawsuit or to accept service of his original complaint.

25. Rather, Vaghar traveled to Philadelphia, Pennsylvania again (under the pretense of another site inspection at the Project) during which time he met with Moratta and me, and then immediately summoned a third party to approach us to place a copy of his original complaint (dated August 8, 2007) in our hands.

Executed this 5th day of October, 2007, in the Commonwealth of Pennsylvania, County of Philadelphia.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
David J. Killian

65040002/356949v1                4                Case No. C 07 4083 MMC
DECLARATION OF DAVID J. KILLIAN IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

PHIL1 754401-1