Dennis D. Miller (SBN 138669)
Eugene K. Chang (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA,
and ROSA COURT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT KAMYAR VAGHAR,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company,<br><br>    Defendants. | Case No. C 07 4083 MMC<br><br>**DEFENDANTS DAVID J. KILLIAN'S, ANTHONY M. MAROTTA'S, AND ROSA COURT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Date:       November 16, 2007<br>Time:       9:00 a.m.<br>Judge:      Honorable Maxine M. Chesney<br>Courtroom:  7 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A. There Is No Choice Of Forum Clause In The Agreement ..................................... 2

    B. There Are Not Sufficient Contacts To Confer Personal Jurisdiction Over Defendants ............................................................................................................... 6

    C. Venue For This Action Properly Lies Only In The Eastern District Of Pennsylvania ......................................................................................................... 10

III. CONCLUSION ............................................................................................................ 13

65040002/358941v1

-i-

DEFENDANTS' MPA IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*American Home Assur. Co. v. TGL Container Lines, Ltd.*,
 347 F. Supp.2d 749 (N.D. Cal. 2004) .................................................................................. 3
*Bay Cty. Democratic Party v. Land*,
 340 F. Supp.2d 802 (E.D. Mich. 2004).............................................................................. 12
*Bay Fireworks, Inc. v. Frenkel & Co.*,
 359 F. Supp.2d 257 (E.D.N.Y. 2005) .................................................................................. 9
*Bell v. Fischer*,
 887 F. Supp. 1269 (N.D. Iowa 1995) .................................................................................. 9
*Cinalli v. Kane*,
 191 F. Supp.2d 601 (E.D. Pa. 2002) ................................................................................ 8, 9
*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
 472 F. Supp.2d 1183 (S.D. Cal. 2007) ......................................................................... 11, 12
*D.P. Riggins & Assoc. v. American Board Cos., Inc.*,
 796 F. Supp. 205 (W.D.N.C. 1992) .................................................................................... 3
*Decker Coal Co. v. Commonwealth Edison Co.*,
 805 F.2d 834 (9th Cir. 1986) ............................................................................................. 11
*First Nat'l Bk. v. El Camino Resources*, Ltd.,
 447 F. Supp.2d 902 (N.D. Ill. 2006) ................................................................................. 11
*Hughes v. BCI Int'l Holdings, Inc.*,
 452 F. Supp.2d 290 (S.D.N.Y. 2006) .................................................................................. 7
*I.M.D., Inc. v. Shalit*,
 92 F. Supp.2d 315 (S.D.N.Y. 2000) .................................................................................. 10
*Inherent.com v. Martindale-Hubbel*,
 420 F. Supp.2d 1093 (N.D. Cal. 2006) ............................................................................. 11
*Int'l Administrators, Inc. v. Pettigrew*,
 430 F. Supp.2d 890 (S.D. Iowa 2006)......................................................................... 11, 12
*K&V Scientific Co., Inv. v. BMW, A.G.*,
 314 F.3d 494 (10th Cir. 2002) ............................................................................................ 4
*Musiker v. Projectavision, Inc.*,
 960 F. Supp. 292 (S.D. Fla. 1997) ...................................................................................... 7
*Novus Franchising, Inc. v. Taylor*,
 795 F. Supp. 122 (M.D. Pa. 1992) ...................................................................................... 4
*Oestreicher v. Alienare Corp.*,
 502 F. Supp.2d 1061, 1066 n.2 (N.D. Cal. 2007) ............................................................... 3
*Painewebber, Inc. v. Westgate Group, Inc.*,
 748 F. Supp. 115 (S.D.N.Y. 1990) ...................................................................................... 7
*Pasulka v. Sykes*,
 131 F. Supp.2d 988 (N.D. Ill. 2001) ................................................................................... 8
*Photoactive Productions, Inc. v. AL-OR Int'l, Ltd.*,
 99 F. Supp.2d 281 (E.D.N.Y. 2000) .................................................................................... 5
*Resolution Trust Corp. v. Cumberland Dev. Corp. of Miss., Inc.*,
 776 F. Supp. 1146 (S.D. Miss. 1990) ................................................................................ 11
*SGI Air Holdings II LLC v. Novartis Int'l, AG*,
 192 F. Supp.2d 1195 (D. Colo. 2002) ................................................................................. 7
*Turan v. Universal Plan Inv. Ltd.*,
 70 F. Supp.2d 671 (E.D. La. 1999) ..................................................................................... 9

**Statutes**
28 U.S.C. § 1391(a) ................................................................................................................. 10
28 U.S.C. § 1404(a) ............................................................................................................ 11, 12

Defendants submit this reply memorandum in further support of their motion to dismiss the Second Amended Complaint for lack of personal jurisdiction and improper venue or, alternatively, to transfer venue.[1] In short, nothing in plaintiff's newly submitted October 26, 2007 declaration in opposition to Defendants' motion (the "Vaghar Declaration") alters the legal conclusion that this action properly lies, if at all, only in the Eastern District of Pennsylvania.

## I. INTRODUCTION

This is a breach of contract action in which Vaghar seeks to specifically enforce an Agreement for the Settlement of Debt (the "Agreement") that calls for the conveyance of real estate located in Philadelphia, Pennsylvania. Vaghar, despite being on the third version of his complaint, has thus far failed to plead the specific facts necessary to demonstrate that there is personal jurisdiction over Defendants or that this action properly lies in this Court.

## II. ARGUMENT

Essentially, Vaghar now asserts three arguments vis-à-vis his newly submitted declaration, to support his unreasonable choice of forum.

First, Vaghar argues that the "Governing Law" provision of the Agreement is actually a mandatory choice of forum clause, despite the plain fact that there is no mention of *choice of forum* (let alone any mention of a specific court or even a specific geographic location in which this case must be heard). Moreover, although the only contract at issue in this action is the Agreement, Vaghar improperly argues that other agreements, containing "choice of law" and "arbitration" clauses, should be considered in resolving this motion. The only thing that the other agreements to which Vaghar clings actually demonstrate is that Vaghar knew how to negotiate and include an express and unambiguous *choice of forum* clause if he sought to do so, but did not do so in the case of the Agreement now before this Court.

Second, Vaghar argues that occasional social visits, telephone calls and other electronic communications by one of the Defendants (the meaning of which have now been distorted) alone somehow confer personal jurisdiction over the Defendants in California. This is

---
[1] Capitalized terms used herein have the same meaning as previously set forth in Defendants' opening brief dated October 5, 2007 (the "Opening Brief").

1 not the law. In any case, Vaghar does not even attempt to controvert the averments set forth in
2 Defendants' declarations that weigh most heavily on the issue of proper jurisdiction.
3       Third, with respect to venue, Vaghar now argues that "a substantial part of the
4 events" giving rise to this action occurred in this district, yet he has set forth no legally operable
5 facts to support that conclusion. As Vaghar well knows, the only demonstrable connection this
6 action has to this district is that Vaghar happens to live here. Further, Vaghar has completely
7 ignored that the two most important factors in determining proper venue in a breach of contract
8 action—*i.e.*, the place of performance and the place of alleged breach—could occur, if at all, only
9 in Philadelphia and the Eastern District of Pennsylvania, where this action properly lies.

    **A.**    **There Is No Choice Of Forum Clause In The Agreement**

11       Vaghar argues at paragraph 14 of his declaration that the following clause in the
12 Agreement is a *choice of forum* clause:

> 3.6. Governing Law. This Agreement has been negotiated and entered into in the State of California, and is governed by, construed and enforced in accordance with the internal ***laws of the State of California***, applied to contracts made in California by California domiciliaries to be wholly performed in California, except to the extent the ***laws of Pennsylvania*** are required with respect to the conveyance of the Unit (or the Substitute Unit) to Kamyar.

18       This provision is exactly what it says it is: a governing law provision. It is not a
19 forum selection clause. In fact, it does not even provide that California law exclusively governs
20 all aspects of this action. To the contrary, it provides that the "***laws of Pennsylvania*** are required
21 with respect to the conveyance of the Unit (or the Substitute Unit) to Kamyar." The plain
22 construction of this provision itself—which first identifies and then sets forth the manner in
23 which the laws of one state (California) or the other (Pennsylvania) are to be applied—disproves
24 Vaghar's self-serving and tortured interpretation of clause 3.6 claiming that it is actually a
25 "choice of forum" provision as well. It is not. More to the point, this provision does not even
26 mention that this action must be brought exclusively in a certain state or federal court, in
27 California or otherwise. As discussed below, this clause is not dispositive of the issues presented
28 in Defendants' motion.

1       In *D.P. Riggins & Assoc. v. American Board Cos., Inc.*, 796 F. Supp. 205
2  (W.D.N.C. 1992), the court addressed the difference between *choice of law* and *choice of forum*.
3  The clause at issue stated: "[t]his Agreement shall be construed in accordance with and governed
4  by the laws of the County of Broome and the State of New York." *Id*. at 210. Functionally, this
5  clause is no different from clause 3.6 of the Agreement in the case at bar.

6       The *D.P. Riggins* court held that this was merely a choice of law clause, not a
7  forum selection clause. *Id*. The court noted that the clause did not contain the language courts
8  have traditionally deemed necessary for there to be a valid forum selection clause, such as "any
9  dispute arising out of this agreement <u>must</u> be treated before the London Court of Justice"; "in any
10 dispute jurisdiction and venue <u>shall</u> be in California"; "controversies <u>shall</u> be submitted to the
11 Supreme Court of the State of New York." *Id*. at 211 (*emphasis added*).[2]

12       As noted by the *D.P. Riggins* court, "the clause now before the Court says nothing
13 about the site where interpretation [of the Agreement] must occur." *Id*. The same is true here.
14 Vaghar's argument that the "Governing Law" provision is actually a choice of forum clause is
15 untenable and should be rejected outright. *See, e.g., Oestreicher v. Alienare Corp.*, 502 F.
16 Supp.2d 1061, 1066 n.2 (N.D. Cal. 2007) (choice of forum and choice of law clauses are separate
17 terms in a contract that should not be confused or woven together).

18       Further, even if the "Governing Law" provision could somehow generously be
19 construed as a choice of forum clause, it could not strip this Court of its inherent power to
20 determine where personal jurisdiction and venue properly lie. This is because the "Governing
21 Law" provision does not make jurisdiction and venue in this Court exclusive or mandatory. *See*
22 *American Home Assur. Co. v. TGL Container Lines, Ltd.*, 347 F. Supp.2d 749, 747 (N.D. Cal.
23 2004) (a forum selection clause is only "presumptively enforceable" if it specifies venue in a
24 mandatory manner).

25       It is well-settled that forum selection clauses can be either mandatory or

---

[2] As discussed below, this should come as no surprise to Vaghar as he has raised a misplaced argument upon certain personal guarantees which, although not relevant to the jurisdictional analysis here, plainly demonstrate his awareness of the difference between a *choice of law* and *choice of forum* provision.

permissive. *K&V Scientific Co., Inv. v. BMW, A.G.*, 314 F.3d 494, 498 (10th Cir. 2002). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." *Id*. Permissive forum selection clauses, on the other hand, merely "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id*. The K&V court found a forum selection clause to be permissive because it lacked the terms "exclusive," "sole" or "only" in describing where the action could be brought. Id. Here, the "Governing Law" provision lacks not only this mandatory language, but also fails to identify any specific court or forum in which the action must be heard. Contrary to Vaghar's argument, this action is not required to be brought in this Court, nor can Defendants be deprived of their ability to object on jurisdiction, venue and improper forum merely because of the "Governing Law" provision in the Agreement.[3] Here, the only conclusion can be that the clause is exactly what it purports to be—a "Governing Law" provision, <u>but not a choice of forum provision</u>.

As a final matter, Vaghar's resort to parol or extrinsic evidence is unavailing and, if anything, only supports Defendants' position. Vaghar attaches to the Vaghar Declaration certain guaranty agreements which, unlike the Agreement in dispute here, actually contain arbitration and choice of law clauses that state, in applicable part:

> 11.    ...*every* such dispute, difference or question [under this Guaranty] *shall be settled* by arbitration in the County of Los Angeles, State of California, in accordance with the rules then obtained from the American Arbitration Association....
>
> ...
>
> 13.    This Guaranty shall be governed by and construed pursuant to the laws and by the courts of the State of California.

*See* Vaghar Declaration at Ex. A (Guaranty), ¶¶ 11 and 13.

<u>First</u>, this Guaranty, along with any of the obligations therein, was superseded and

---

[3] In fact, the *K&V* court found that there was little support in <u>any</u> federal case law for the proposition that a forum is mandatory merely because that forum "matches" the parties' choice of law (which here is <u>both</u> California and Pennsylvania). Regardless, it is not unusual for a party to specify a certain state's governing law even if the action will actually be litigated in another state. *See, e.g., Novus Franchising, Inc. v. Taylor*, 795 F. Supp. 122 (M.D. Pa. 1992) (recognizing that Minnesota law governed the contract pursuant to a choice of law clause, even though the proper forum for litigating the action was in Pennsylvania).

65040002/358941v1    4    Case No. C 07 4083 MMC

DEFENDANTS' MPA IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

1  replaced by the Agreement and, hence, is entirely irrelevant to the determination of the instant

2  motion.  Second, the excerpted provisions of the Guaranty shows that Vaghar knew and

3  understood the difference between a *forum selection* clause and a *choice of law* provision, and

4  further knew how to include them in a contract.  Third, the forum selection clause in the Guaranty

5  was omitted from the Agreement at issue, which objectively verifies that the parties did not agree

6  to litigate this matter in California.  Rather, Vaghar improperly requests the Court to renegotiate

7  for him and then "edit" the Agreement *post facto* by adding the omitted forum selection clause.

8          This conclusion is also buttressed by the emails attached as Ex. D to Vaghar's

9  Declaration.  At best, these emails show that governing law and forum issues were discussed, but

10  that only the choice of law clause, and not the choice of forum clause, made it into the final

11  version of the Agreement between the parties.  This further comports with the understanding of

12  the Defendants with respect to their obligations and undertakings in the Agreement.  See Rosa

13  Court Dec. at ¶ 3; Killian Dec. at ¶ 3; and Marotta Dec. at ¶ 3.  See also Supplemental Declaration

14  of David Killian at ¶¶ 15-20 and Supplemental Declaration of Anthony Marotta at ¶¶ 3-8.[4]

15          Under both the facts and the law, and even giving Vaghar the benefit of all doubts,

16  the "Governing Law" provision is not a choice of forum clause and, consequently, cannot bar

17  dismissal or transfer of this action to the Eastern District of Pennsylvania.

---

[4] Vaghar, in the Vaghar Declaration, also discusses an American Arbitration Association ("AAA") arbitration he recently filed against the Defendants arising out of another transaction and another contract as somehow "evidencing" that the Defendants consented to jurisdiction in this Court. There are several flaws with this argument. First, the transaction and agreement that is the subject of Vaghar's arbitration claim is not before this Court. Second, Los Angeles, where Vaghar filed his arbitration claim, does not lie in this district and, therefore, this provides no support for Vaghar's contention that the case at bar should be heard in the Northern District of California. Third, the Defendants have not yet responded to Vaghar's arbitration claim, but will contest it with respect to both the propriety of Vaghar's arbitration request and, if necessary, on the merits. *See* Supplemental Declaration of David Killian at ¶ 20 and Supplemental Declaration of Anthony Marotta at ¶ 8. Fourth, and most importantly, federal courts have held that forum selection clauses contained in arbitration provisions are only dispositive as to the location of the arbitration hearings should the parties actually choose to arbitrate, but are not binding upon the court or the parties if the parties instead choose to litigate in court. *See Photoactive Productions, Inc. v. AL-OR Int'l, Ltd.*, 99 F. Supp.2d 281, 287 (E.D.N.Y. 2000) (in rejecting a party's argument that a forum selection clause in an arbitration provision should be binding upon the court, the court holding: "[a]s neither party has apparently invoked its right to arbitration, the Court concludes that this clause ***is not relevant in regard to the determination of whether jurisdiction in the Eastern District of New York is appropriate or whether this case should be transferred to California***").

65040002/358941v1      5      Case No. C 07 4083 MMC

DEFENDANTS' MPA IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

**B.   There Are Not Sufficient Contacts To Confer Personal Jurisdiction Over Defendants**

Despite this fourth opportunity to do so (three complaints and his declaration), Vaghar still fails to set forth sufficient and specific facts to support his claim of personal jurisdiction. Vaghar newly alleges that he met with Killian socially in California several times and, allegedly, one time on business, Vaghar Declaration at ¶¶ 4-5 and 12, and that he had telephone conversations and email communications with Marotta and Killian while he (Vaghar) was in California and they were in Pennsylvania, *id*. at ¶¶ 6, 7, 10, 12 and 13.[5]

Notably, Vaghar does not even attempt to deny or contradict the weightier averments set forth in Defendants' declarations, specifically that: (i) all of Defendants' business operations are in Philadelphia; (ii) all real property owned by Rosa Court, including the condominium unit Vaghar seeks to have conveyed to him in this action, is in Philadelphia; (iii) none of the Defendants have ever resided in California, purchased or held an interest in real estate in California, conducted business in California, maintained any banking or investment accounts in California, solicited business in California or even visited California other than as a tourist on vacations; (iv) over the past several years, Vaghar has traveled to Philadelphia on at least a dozen occasions for the purpose of soliciting Defendants to do business with him; (v) during his involvement in the Condo Project at issue, Vaghar traveled to Philadelphia on at least six occasions for the purpose of monitoring the Defendants' progress; (vi) Vaghar traveled to Philadelphia with the Agreement in hand, and the parties executed the Agreement in Philadelphia; (vii) Vaghar traveled to Philadelphia to personally supervise the service of legal process in this action upon Defendants; and (viii) the primary remedy sought by Vaghar in this action is for the Court to order Defendants to convey a condominium unit to him in Philadelphia. *Compare* Vaghar Declaration to the Declarations of Killian and Marotta.

Aside from being massively outweighed by Defendants' jurisdictional averments,

---

[5] It should be noted that while Vaghar alleges that he had "numerous" telephone conversations with the Defendants, he only specifically identifies a small portion of those telephone conversations as being initiated by Defendants. The reality is that it was Vaghar who actively sought to do business with the Defendants, not the other way around. *See, e.g.*, Killian and Marotta Declarations at ¶¶ 16-25.

the plaintiff's jurisdictional allegations are, as a matter of law, insufficient. It is well recognized that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum. *See, e.g., SGI Air Holdings II LLC v. Novartis Int'l, AG*, 192 F. Supp.2d 1195, 1202 (D. Colo. 2002). As further noted by the SGI court, "[e]ven in cases where the defendant enters into the forum state to discuss some of the details of the contract, personal jurisdiction has not been found." *Id*.

By the same token, "negotiations conducted over various electronic devices," such as via telephone, fax and email, "do not rise to the level of purposeful availment contemplated by the courts." *Id. See also Hughes v. BCI Int'l Holdings, Inc.*, 452 F. Supp.2d 290, 300 (S.D.N.Y. 2006) (telephone calls and other communications by an out-of-state defendant to an in-state plaintiff, taken alone, are insufficient to confer personal jurisdiction over the out-of-state defendant); *Painewebber, Inc. v. Westgate Group, Inc.*, 748 F. Supp. 115 (S.D.N.Y. 1990) (telephone calls and faxes from a Texas defendant to the New York plaintiff are "insignificant" with respect to determining personal jurisdiction; likewise, that the Texas defendant was physically present during minor contract negotiations in New York was insufficient to confer personal jurisdiction over the out-of-state defendant in New York); *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292 (S.D. Fla. 1997) (in a fraud case arising out of the purchase of corporate stock, telephone calls made by the chief executive officer of the non-resident defendant corporation to the resident Florida plaintiff, corporate materials faxed and mailed to the Florida plaintiff and a presentation by one of the defendant's corporate officers at a stockbroker's meeting in Florida were, even taken together, insufficient to confer personal jurisdiction over the out-of-state defendant corporation in Florida).[6]

In determining where a contract action properly lies, courts typically look not to where communications regarding the contract may have emanated from or flowed to—in most cases, these will "balance out"—but, rather, where the performance and alleged breach of the

---

[6] As noted in Defendants' Opening Brief at p. 7, lines 20-35, in contract cases, jurisdictional tests are much stricter than in tort cases. If there can be no jurisdiction under the facts present in *Musiker's* fraud case, there can certainly be no personal jurisdiction in this breach of contract case, especially considering that Defendants' alleged "contacts" with California are much more attenuated than the defendant's contacts with Florida in *Musiker*.

65040002/358941v1     7     Case No. C 07 4083 MMC

DEFENDANTS' MPA IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

1  contract took place. *See, e.g., Pasulka v. Sykes*, 131 F. Supp.2d 988 (N.D. Ill. 2001) (mere
2  telephone contacts are insufficient to confer personal jurisdiction in a breach of contract case
3  where the communications relate to contract duties to be performed entirely out-of-state;
4  jurisdiction properly lies where the performance and breach occurred).

5  Here, any performance under the contract at issue could only occur out-of-state,
6  *i.e.*, in Philadelphia. The Agreement was executed in Philadelphia and all of the predicate
7  transactions between the parties concern real property located in Philadelphia. The remedy
8  sought by Vaghar, if he is successful in prosecuting this suit, is for the Defendants to be ordered
9  to convey to him certain real property that they own in Philadelphia. Any breach of the
10 Agreement can only occur in Philadelphia, because the only alleged duty that Defendants can
11 possibly breach is a failure to convey the real property located in Philadelphia to Vaghar.
12 Further, the most material communications germane to this dispute occurred in face-to-face
13 meetings in Philadelphia.

14 Under these circumstances, federal courts have held that contract actions properly
15 lie where the contract was performed and alleged to have been breached. More specifically, if the
16 contract involves real property, federal courts have held that the action properly lies where that
17 real property is located. Here, that is in Philadelphia.

18 In *Cinalli v. Kane*, 191 F. Supp.2d 601 (E.D. Pa. 2002), contracts for the purchase
19 of New Jersey real estate were at issue. The plaintiffs were citizens of Pennsylvania and the
20 defendants were citizens of New Jersey. *Id*. at 605. The plaintiffs argued that the action was
21 properly brought in Pennsylvania because "Defendants made to this district innumerable
22 telephone calls, fax transmissions and other communications to Plaintiffs for the sole purpose of
23 conducting the disputed transaction." *Id*. at 611. However, the *Cinalli* court found these
24 allegations insufficient to confer personal jurisdiction over the defendants in Pennsylvania
25 because the defendants submitted affidavits establishing that they did not: (i) regularly conduct
26 business in Pennsylvania; (ii) have offices in Pennsylvania; or (iii) have bank accounts, phone
27 listings or other similar accounts in Pennsylvania. *Id*. at 611.

28 The *Cinalli* court further found the plaintiffs' allegations regarding the

"innumerable" communications from the defendants to be insufficient to exercise specific jurisdiction because it was uncontested that: (i) the defendants were physically located in New Jersey; (ii) the property at issue was likewise physically located in New Jersey; and (iii) the material actions relating to the parties' dispute occurred in New Jersey, including inspection of the property, the signing of the contract at issue and the alleged breach of the contract. *Id*. This is, for all intents and purposes, the same situation presented in the case at bar.

In *Turan v. Universal Plan Inv. Ltd.*, 70 F. Supp.2d 671, 673 (E.D. La. 1999), the Louisiana plaintiff entered into a joint venture agreement with a Chinese corporate defendant to establish a seafood processing plant in China. The plaintiff brought both tort and contract claims against the defendant in the Eastern District of Louisiana, and the defendant objected for lack of personal jurisdiction and improper venue. *Id*. The *Turan* court ultimately decided that it had neither general nor specific jurisdiction over the out-of-state defendant, holding that attendance at business meetings in Louisiana, conversations on the telephone with the Louisiana plaintiff and correspondence by mail to Louisiana were insufficient grounds to establish the defendant's minimum contacts; nor could the out-of state defendant have reasonably expected to be sued in Louisiana merely because he attended business meetings there, because the place of performance of the contract and any alleged breach took place in China. *Id*. at 674-75. By the same token, the Defendants in the case at bar could not have reasonably expected to be haled over 3,000 miles away from the genesis of the parties' dispute into this Court to adjudicate a controversy over a Pennsylvania real estate transaction.

In *Bay Fireworks, Inc. v. Frenkel & Co.*, 359 F. Supp.2d 257 (E.D.N.Y. 2005), a contract for the repair of a barge was at issue. When jurisdiction in New York was challenged by the New Jersey defendant (the barge repair company), the New York plaintiff produced and described numerous written and oral communications regarding the contract between it and the defendant. *Id*. at 267. The *Bay* court, however, found that despite these communications, jurisdiction properly lied in New Jersey because the barge repair company's facilities were in New Jersey and the barge was actually to be repaired in New Jersey. *Id*. at 266-67.

Finally, in *Bell v. Fischer*, 887 F. Supp. 1269, 1280 (N.D. Iowa 1995), the court

65040002/358941v1                                    9                                    Case No. C 07 4083 MMC
DEFENDANTS' MPA IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

held that while the state in which the plaintiff resides may have some interest in providing a forum for its residents to litigate their disputes with out-of-state defendants, this interest is necessarily lessened where, as here, the contract involves the purchase of property located outside of the state. Thus, based upon the undisputed facts before the Court and the law, this action lies, if at all, in the Eastern District of Pennsylvania.

### C. Venue For This Action Properly Lies Only In The Eastern District Of Pennsylvania

28 U.S.C. § 1391(a) states that where federal jurisdiction is founded on diversity (as is the case here), the action can be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Clearly, under the statute, venue lies only in the Eastern District of Pennsylvania. In fact, the sole demonstrable connection between this action and the Northern District of California is that Vaghar resides there. Even more to the point, Vaghar has failed to allege any operable and material facts sufficient to show that this breach of contract action is properly brought in this district. Nor has Vaghar argued that this action cannot be brought in the Eastern District of Pennsylvania. Rather, all Vaghar does is argue that his unreasonable and vexatious choice of forum should be honored by this Court. The Defendants respectfully submit that such blatant forum shopping should not be countenanced.

While there are several factors to consider in determining proper venue in contract cases, courts typically give the most weight to two simple and objective guideposts: where the contract is to be performed and where the contract is alleged to have been breached. Here, it is indisputable that performance and breach of the Agreement could occur only in Philadelphia.

Thus, in *I.M.D., Inc. v. Shalit*, 92 F. Supp.2d 315, 317-18 (S.D.N.Y. 2000), the court determined that the action was properly venued in South Carolina, where the breach occurred, rather than in New York, where the parties had social meetings at which the transaction

65040002/358941v1    10    Case No. C 07 4083 MMC

DEFENDANTS' MPA IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

was discussed. *See also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (proper venue for a claim based on breach of contract is the place of intended performance of the contract, because the place of performance is likely to have a close nexus to the underlying events and any other rule would invite forum shopping); *Resolution Trust Corp. v. Cumberland Dev. Corp. of Miss., Inc.*, 776 F. Supp. 1146, 1150-51 (S.D. Miss. 1990) (in an action for breach of contract, if payment on the contract is called for at a particular place, then the cause of action arises, and venue is proper, at the place of payment). Here, the "payment" contemplated by the Agreement is conveyance of real property located in Philadelphia. Thus, it follows that venue is proper in the Eastern District of Pennsylvania.

Finally, even assuming that the legal requirements for personal jurisdiction and venue have been met here—and they have not been—this Court still has discretion to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). *See Int'l Administrators, Inc. v. Pettigrew*, 430 F. Supp.2d 890, 900 (S.D. Iowa 2006) (the court finding that personal jurisdiction and venue in Iowa were, arguably, proper, but nevertheless granting the defendant's motion to transfer venue to Texas pursuant to 28 U.S.C. § 1404(a)).

Where, as here, the plaintiff's choice of forum is not the site of material events with respect to the underlying transactions, the performance of the contract, or the alleged breach of the contract, the plaintiff's choice is entitled to much less deference than otherwise would be accorded. *First Nat'l Bk. v. El Camino Resources*, Ltd., 447 F. Supp.2d 902, 912 (N.D. Ill. 2006). *See also Inherent.com v. Martindale-Hubbel*, 420 F. Supp.2d 1093, 1100 (N.D. Cal. 2006) (the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where, as here, the plaintiff's choice lacks a significant connection to the activities alleged in the complaint); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp.2d 1183, 1191 (S.D. Cal. 2007) (where the operable facts have not occurred within the forum, the plaintiff's choice of forum receives minimal consideration).

It is well-settled that "[a] motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis." *Id*. at 1098. One of the key considerations in making a § 1404(a) venue determination is whether "practicality and

fairness militate in favor of the alternate venue." *Bay Cty. Democratic Party v. Land*, 340 F. Supp.2d 802, 809 (E.D. Mich. 2004). Further, in making § 1404(a) venue determinations, courts are particularly concerned about the burden and impact the ultimate venue selection will have on witnesses and, particularly, third party witnesses. *See, e.g., Costco*, 472 F. Supp.2d at 1193-95; *Int'l Administrators*, 430 F. Supp.2d at 900 ("[t]he convenience of non-party witnesses is generally considered to be one of the most important factors to be weighed in the venue transfer analysis").

Here, all Defendants (and their employees) are in Philadelphia. Vaghar has identified only one relevant fact witness—himself—located in the Northern District of California. On the other hand, Defendants have identified numerous third party fact witnesses, all of whom are amenable to process only in the Eastern District of Pennsylvania. See Supplemental Declaration of David Killian at ¶¶ 8-14. These witnesses include eyewitnesses to Vaghar's numerous activities and communications relating to the Condo Project at issue, as well as the Defendants' counterclaims against Vaghar which relate thereto. *Id*. Similarly, the bulk of the physical evidence in this case, including documents, is located in the Eastern District of Pennsylvania. *Id*. Finally, it bears repeating and cannot be overemphasized that what is at issue here is a Pennsylvania real estate development and transaction.

Under the totality of the circumstances, Vaghar's initial choice of forum is a textbook example of forum shopping. On the other hand, Defendants' alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a), if granted, will serve the greater good of the interstate judicial system, the parties and, importantly, third parties who are expected to testify, thus rendering this litigation more convenient as a whole.

///
///
///
///
///
///

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that this action should be dismissed for lack of personal jurisdiction over the Defendants and for improper venue. Alternatively, this action should be transferred from this Court to the Eastern District of Pennsylvania.

Dated: November 2, 2007                    STEIN & LUBIN LLP


                                           By:    /s/ Dennis D. Miller
                                                  Dennis D. Miller
                                                  Attorneys for Defendants
                                                  DAVID J. KILLIAN, ANTHONY M. MAROTTA,
                                                  and ROSA COURT, LLC