Dennis D. Miller (SBN 138669)
Eugene K. Chang (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA  94111
Telephone:     (415) 981-0550
Facsimile:      (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA,
and ROSA COURT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT KAMYAR VAGHAR, <br><br> Plaintiff, <br><br> v. <br><br> DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company, <br><br> Defendants. | Case No.  C 07 4083 MMC <br><br> **SUPPLEMENTAL DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** <br><br> Date:        November 16, 2007 <br> Time:        9:00 a.m. <br> Judge:       Honorable Maxine M. Chesney <br> Courtroom:  7 |

I, David J. Killian, declare:

1.      I am an adult individual over eighteen years of age and a co-managing member of defendant Rosa Court, LLC ("Rosa").  I make this supplemental declaration in support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Second Amended Complaint") of Plaintiff Vincent Kamyar Vaghar ("Vaghar") or, in the Alternative, to Transfer Venue of this matter to the Eastern District of Pennsylvania.

2.      I have reviewed the declaration of Vincent Kamyar Vaghar dated

65040002/358949v1                                          1                                    Case No. C 07 4083 MMC

1   October 26, 2007 in this matter (the "Vaghar Declaration") and submit this supplemental

2   declaration in response to the assertions set forth therein. I also have personal knowledge

3   of the matters stated in this supplemental declaration and could and would competently

4   testify thereto if called upon as a witness at trial or any other proceeding in this matter.

5          **A.     All of the Necessary Third-Party Fact Witnesses and their
              Employers Are Located in Pennsylvania and New Jersey**
6

7          3.     Although not mentioned in Vaghar's Second Amended Complaint

8   or the associated Vaghar Declaration, Vaghar is aware that Rosa, as well as Mr. Marotta

9   and myself, intend to assert compulsory counterclaims against him in this matter that arise

10  directly from his conduct with us and numerous other individuals and business entities

11  who reside or are located within the Commonwealth of Pennsylvania and the State of New

12  Jersey.

13         4.     The claims mentioned above will be predicated upon, among other

14  things, Vaghar's willful breach of contract and joint venture agreement with the

15  Defendants, as well as claims sounding in promissory estoppel and fraud in the

16  inducement.

17         5.     As set forth in Rosa's initial declaration dated October 5, 2007, as

18  well as the declarations submitted by Mr. Marotta and me (in our individual capacities) on

19  that date as well, none of the Defendants have had any purposeful connection with the

20  State of California except as specifically set forth therein.

21         6.     As previously stated in Defendants' October 5, 2007 Declarations,

22  Rosa is a single purpose entity whose only business activities relate to the ownership and

23  development of the real estate project referred to in Exhibit "A" of the Second Amended

24  Complaint (at paragraph "C") -- at the "*intersections of Federal and Juniper Streets and*

25  *Federal and Clarion Streets in Philadelphia*" -- where the underlying dispute involving

26  the Defendants' alleged duty to convey a condominium to Vaghar pursuant to the

27  Agreement for Settlement of Debt (the "Agreement") is physically located (the "Project").

28  65040002/358949v1                          2                    Case No. C 07 4083 MMC

SUPPLEMENTAL DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN
SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER
VENUE

7. Aside from Rosa's activities at the Project, Rosa has no other business offices, assets or business operations anywhere other than in the Commonwealth of Pennsylvania (and, in particular, in the county of Philadelphia) and its administrative office located in New Jersey.

8. In addition, all of the necessary third party fact witnesses who possess first hand knowledge about the claims referred to above (and in Vaghar's Second Amended Complaint) either reside, are located, or conduct business only in Pennsylvania or New Jersey.

9. In addition, the business entities that will be subpoenaed to produce business records in this matter are all physically located in Philadelphia, Pennsylvania (primarily) and in Southern New Jersey (both of which are within the Eastern District of Pennsylvania's direct subpoena power).

### B.    The Third Party Fact Witnesses

10. The following individuals have direct knowledge of the facts supporting the above referenced claims. Thus, Defendants will be required to compel the appearance of, among others, at least the following individuals to provide testimony and produce documents at trial (or during various other pre-trial stages of this proceeding) in support of our counter claims in this matter:

- **Vincent S. Mancini, A.I.A.**
  Landmark Professional Design, Inc.
  1324 Locust Street, Suite 101
  Philadelphia, PA 19107

- **Michael Mullen**
  CB Richard Ellis, Brokerage Services
  1800 John F. Kennedy Boulevard, 10th Floor
  Philadelphia, PA 19103

- **Patrick J. Duffy**
  Principal, Chatham Bay Group
  220 West Rittenhouse Square
  Philadelphia, PA 19103

SUPPLEMENTAL DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

1

- **Nancy Andrelczyk**
  Office Manager and Custodian of Records
2   AnMar Management
  901 Route 168, Suite 110
3   Turnersville, NJ 08012

4

5      11.    Mr. Mancini is the Rosa Project's Pennsylvania Licensed Architect

who has first hand knowledge of Vaghar's direct role and involvement in the Project and
6
resulting exposure to Defendants on our counterclaims.  Mr. Mancini is a Pennsylvania
7
resident.  Landmark Professional Design, Inc. is a Pennsylvania based architectural firm.
8
       12.    Mr. Mullen is the Philadelphia based Real Estate Broker with CB
9
Richard Ellis that assisted Vaghar (along with Mr. Marotta and me) with our joint venture
10
to pursue a real estate investment at the additional Pennsylvania site referred to by Vaghar
11
as the project at "12th & Jackson St. in Philadelphia." (_See_ paragraph 10 of the Vaghar
12
Declaration.)  Mr. Mullen has first hand knowledge of Vaghar's direct role in that project
13
and his resulting exposure to us on our counterclaims against him.  Mr. Mullen is, upon
14
information and belief, a resident of Pennsylvania and CB Richard Ellis is a Pennsylvania
15
licensed real estate brokerage firm.
16
       13.    Mr. Duffy and his Philadelphia based consulting firm Chatham Bay
17
Group served as the project consultant to Rosa and have direct knowledge of, among other
18
things, Vaghar's repeated attempts to initiate a business relationship with the Defendants
19
in Pennsylvania and his breach of the parties' joint venture agreement in this matter.  Mr.
20
Duffy also has first hand knowledge of Vaghar's direct role in the Rosa project and
21
resulting exposure to the Defendants on their counterclaims.  Mr. Duffy is a resident of
22
Pennsylvania and the Chatham Bay Group is a Pennsylvania entity formed and domiciled
23
in Pennsylvania.
24
       14.    Ms. Andrelczyk is the office manager and custodian of records for
25
AnMar Management and has direct knowledge of Vaghar's repeated attempts to initiate a
26
business relationship with the Defendants in Pennsylvania, as well as the facts supporting
27
Defendants' counterclaims against Vaghar in this matter.     Ms. Andrelczyk is a resident
28
65040002/358949v1                                4                          Case No. C 07 4083 MMC

1  of the State of New Jersey.  AnMar Management is a New Jersey based entity that

2  conducts business only in Pennsylvania and New Jersey.

3    **C.    Vaghar Overstates the Parties' Actual Agreement:**

4        15.    In paragraph 14 of the Vaghar Declaration, Vaghar contends that:

5
6    "Before entering into the Agreement I [Vaghar] specifically
     discussed with Killian and Marotta that any dispute would be
7    governed by California law and heard in a court venued in
     California.  Killian and Marotta both consented to this agreement
8    verbally and over email, as evidenced from Marotta (Killian was
     copied on the email) dated October 19, 2006."

9
10        16.    Despite Vaghar's conclusory assertions to the contrary, all of our

11  discussions on this subject with respect to the Agreement were confined to his preference

12  over which particular state's law (*e.g.*, Pennsylvania or California) would apply to any

13  dispute between us.

14        17.    I also wish to point out that Rosa and I never sought the advice of a

15  lawyer to review the new documents appended to the Vaghar Declaration before we

16  physically signed them in Philadelphia, Pennsylvania.  Had I known that Vaghar would

17  seek to re-write the terms of our actual agreement with him, I would have retained a

18  lawyer to make sure that the Agreement clearly reflected all aspects of what Vaghar and

19  the Defendants agreed upon on this issue.

20        18.    Neither I, nor to my knowledge Anthony Marotta (either in his

21  individual or representative capacity for Rosa Court, LLC) ever agreed to defend or

22  otherwise litigate a dispute involving the Agreement with Vaghar in the State of

23  California.  That is precisely why we asked him to have his lawyers prepare a document

24  (namely, the Agreement) that would supercede the personal guarantees to which he now

25  claims require us to travel to California to litigate this matter.

26        19.    In addition, until reviewing the Vaghar Declaration, I have neither

27  heard of nor used the term "venued" or "forum" in connection with my dealings with

28  Vaghar.  Rather, the document to which he admits was replaced by the Agreement at issue

65040002/358949v1                              5                    Case No. C 07 4083 MMC

1   herein actually uses the term "settled" when referring to "disputes, differences or

2   questions" between us that would have involved arbitration in the State of California.

3   (Again, as Vaghar himself even concedes, that document was voided by our subsequent

4   Agreement.)

5          20.    In any event, Vaghar well knows that the Defendants have not yet

6   formally responded to the Arbitration that he initiated in Los Angeles.  When we do, we

7   have advised him that we intend to challenge his assertion that we are required to arbitrate

8   all of the claims set forth therein in California.

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  65040002/358949v1                        6                    Case No. C 07 4083 MMC

1    Executed this 1st day of November 2007, in the Commonwealth of Pennsylvania,

2    County of Philadelphia.

3    I declare under penalty of perjury under the laws of the United States that the

4    foregoing is true and correct.

5

6

7                                                David J. Killian
                                                 Co-Managing Member
8                                                of Rosa Court, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF DAVID J. KILLIAN AS CO-MANAGING MEMBER OF ROSA COURT, LLC IN
SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER
VENUE

PHIL1 758043-1