Dennis D. Miller (SBN 138669)
Eugene K. Chang (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone:   (415) 981-0550
Facsimile:   (415) 981-4343
dmiller@steinlubin.com
echang@steinlubin.com

Attorneys for Defendants
DAVID J. KILLIAN, ANTHONY M. MAROTTA,
and ROSA COURT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT KAMYAR VAGHAR,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. KILLIAN; ANTHONY M. MAROTTA; and ROSA COURT, LLC, a New Jersey limited liability company,<br><br>Defendants. | Case No. C 07 4083 MMC<br><br>SUPPLEMENTAL DECLARATION OF ANTHONY M. MAROTTA IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF VINCENT KAMYAR VAGHAR OR, IN THE ALTERNATIVE, TO TRANSFER VENUE<br><br>Date:    November 16, 2007<br>Time:    9:00 a.m.<br>Judge:   Honorable Maxine M. Chesney<br>Courtroom: 7 |

I, Anthony M. Marotta, declare:

1. I am an adult individual over eighteen years of age and a co-managing member of Rosa Court, LLC ("Rosa"). I make this declaration in support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Second Amended Complaint") of Plaintiff Vincent Kamyar Vaghar ("Vaghar") or, in the Alternative, to Transfer Venue of this matter to the Eastern District of Pennsylvania.

2. I have reviewed the declaration of Vincent Kamyar Vaghar dated October 26, 2007 in this matter (the "Vaghar Declaration") and submit this supplemental declaration in

response to the assertions set forth therein. I have personal knowledge of the matters stated in this declaration and could and would competently testify thereto if called upon as a witness at trial or any other proceeding in this matter.

### A. Vaghar Overstates the Parties' Actual Agreement:

3.  In paragraph 14 of the Vaghar Declaration, Vaghar contends that:

> "Before entering into the Agreement I [Vaghar] specifically discussed with Killian and Marotta that any dispute would be governed by California law and heard in a court venued in California. Killian and Marotta both consented to this agreement verbally and over email, as evidenced from Marotta (Killian was copied on the email) dated October 19, 2006."

4.  Despite Vaghar's conclusory assertions to the contrary, all of our discussions on this subject with respect to the Agreement for Settlement of Debt (the "Agreement") were confined to his preference over which particular state's law (*e.g.*, Pennsylvania or California) would apply to any dispute between us.

5.  I also wish to point out that Rosa and I never sought the advice of a lawyer to review the new documents appended to the Vaghar Declaration before we physically signed them in Philadelphia, Pennsylvania. Had I known that Vaghar would seek to re-write the terms of our actual agreement with him, I would have retained a lawyer to make sure that the Agreement clearly reflected all aspects of what Vaghar and the Defendants agreed upon on this issue.

6.  Neither I, nor to my knowledge David Killian (either in his individual or representative capacity for Rosa Court, LLC) ever agreed to defend or otherwise litigate a dispute involving the Agreement with Vaghar in the State of California. That is precisely why we asked him to have his lawyers prepare a document (namely, the Agreement) that would supercede the personal guarantees to which he now claims require us to travel to California to litigate this matter.

7.  In addition, until reviewing the Vaghar Declaration, I have neither heard of nor used the term "venued" or "forum" in connection with my dealings with Vaghar. Rather, the document to which he admits was replaced by the Agreement at issue herein actually uses the

1  term "settled" when referring to "disputes, differences or questions" between us that would have
2  involved arbitration in the State of California. (Again, as Vaghar himself even concedes, that
3  document was voided by our subsequent Agreement.)
4          8. In any event, Vaghar well knows that the Defendants have not yet formally
5  responded to the Arbitration that he initiated in Los Angeles. When we do, we have advised him
6  that we intend to challenge his assertion that we are required to arbitrate all of the claims set forth
7  therein in California.
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Executed this 1st day of November 2007, in the State of New Jersey.

2  I declare under penalty of perjury under the laws of the United States that the
3  foregoing is true and correct.

*Anthony M. Marotta* (signature)

Anthony M. Marotta